IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL L. SCAGGS,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER SENATO et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 26-1090-CFC-SRF |

**REPORT AND RECOMMENDATION**

Plaintiff Michael L. Scaggs ("Plaintiff"), an inmate at James T. Vaughn Correctional Center ("JTVCC"), filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 2) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7) The court proceeds to screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) and recommends that the complaint be DISMISSED, with certain claims to be DISMISSED WITH PREJUDICE.

## I. BACKGROUND

Plaintiff sues three officials from JTVCC —Food Services Directors Christopher Senato and Joseph Kennard, and Food Service Supervisor Sheryl Morris (collectively, "Defendants")—alleging that they violated his rights protected by the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by "withholding a Passover meal." (D.I. 2 at 3)[2]

---

1 When bringing a § 1983 claim, a plaintiff must allege a deprivation of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

2 The complaint makes passing reference to the Fourteenth Amendment and Religious Freedom Restoration Act, (D.I. 2 at 3), but the claims are described and therefore analyzed as violations of the RLUIPA, (*see id.* at 8), and the First Amendment (*see id.* at 9).

Plaintiff is a Christian. (*Id.* at 4) As part of his faith, he signed up for the Delaware Department of Corrections ("DOC") "Religious Diet Program" in 2025 by selecting the "Kosher Non-Practicing" option, which provides that "[n]on-practicing Jewish offenders are authorized to receive a kosher meal during holiday observances only." (*Id.*) Plaintiff did not receive a Passover meal in 2025 or 2026, and he filed a grievance on each occasion. (*Id.* at 4-5) JTVCC responded to Plaintiff's 2026 grievance by stating that Plaintiff was not on the approved Passover list. (*Id.*) Plaintiff was referred to the chaplain, but no chaplain was currently on staff. (*Id.* at 6.) Plaintiff seeks injunctive relief, compensatory damages, and punitive damages. (*Id.* at 6.)

## II. <u>LEGAL STANDARDS</u>

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

Eleventh Amendment sovereign immunity prohibits Plaintiff from seeking monetary damages from Delaware state officials in their official capacities. *See Merritts v. Richards*, 62 F.4th 764, 771–73 (3d Cir. 2023); *Carter v. James T. Vaughn Corr. Ctr.*, 134 F. Supp. 3d 794, 799 (D. Del. 2015). And the RLUIPA does not permit suits against Defendants in their individual capacities or the recovery of monetary damages against Defendants in their official capacities. *See Landor v. La. Dep't of Corrs. & Public Safety*, 609 U.S. ----, 146 S. Ct. 1931 (2026); *Parkell v. Senato*, 704 F. App'x 122, 125 (3d Cir. 2017) (per curiam) (*citing Sharp v. Johnson*, 669 F.3d 144, 154 (3d Cir. 2012)); *see also Payne v. Doe*, 636 F. App'x 120, 125 (3d Cir. 2016) (unpublished). For these reasons, I recommend that the court DISMISS WITH PREJUDICE the First Amendment and RLUIPA claims for monetary damages against Defendants in their official capacities, as well as the RLUIPA claims against Defendants in their individual capacities. 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A(b)(1); *see Kretchmar v. Beard*, 241 F. App'x 863, 865 (3d Cir. 2007) (explaining that "defendants are immune from all claims except those alleging an ongoing violation of the [RLUIPA] . . . and of [the plaintiff's] First Amendment rights as protected by 42 U.S.C. § 1983.").

I recommend that the court DISMISS WITHOUT PREJUDICE the First Amendment claim against Defendants in their individual capacities for failure to allege personal involvement by Senato, Kennard, and/or Morris outside of their official roles as directors and supervisors of the food services department. (D.I. 2 at 7, 9); *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Here, the complaint does not attribute any specific actions to Senato, Kennard, and/or Morris that allegedly violated Plaintiff's constitutional

rights. *See Hardwick v. Senato*, 192 F. Supp. 3d 555, 562 (D. Del. 2016) (granting motion for more definite statement where the plaintiff failed to plead Senato's personal involvement outside of his official capacity as a food services supervisor).

The complaint also fails to state a claim, under both the First Amendment and RLUIPA, to the extent that Plaintiff seeks injunctive relief against Defendants in their official capacities. To establish a *prima facie* case for violation of the RLUIPA, a plaintiff must demonstrate that a substantial burden has been placed on his or her exercise of religious beliefs. 42 U.S.C. § 2000cc-1(a)(1) – (2); *Washington v. Klem*, 497 F.3d 272, 279–280 (3d Cir. 2007); *Kretchmar*, 241 F. App'x at 865. A substantial burden exists where: (1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; or (2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs. *Klem*, 497 F.3d at 280. Similarly, to state a claim for violations of the First Amendment right to the free exercise of religion, a plaintiff must allege that a prison official denied an inmate a reasonable opportunity of pursuing a sincerely held religious belief. *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972); *DeHart v. Horn*, 227 F.3d 47, 51 (3d Cir. 2000). Plaintiff's complaint is devoid of factual allegations describing how the denial of Passover meals in 2025 and 2026 substantially burdened his exercise of his Christian beliefs or denied him a reasonable opportunity to pursue his Christian faith.[3] *See Resch v. Rink*, 2022 WL 794849, at *4 (W.D. Mich. Mar. 16,

---

[3] Because Plaintiff may only seek prospective injunctive relief, there is no remedy for the past actions of state officials in 2025 and 2026. *See Kretchmar*, 241 F. App'x at 865 (explaining that "defendants are immune from all claims except those alleging an ongoing violation of [RLUIPA] . . . and of [the plaintiff's] First Amendment rights[.]"). However, the complaint describes ongoing barriers to his efforts to obtain a Passover meal and seeks prospective changes to JTVCC procedures. (D.I. 2 at 5, 7-9)

2022) (citing cases and holding that "Plaintiff's allegations that he did not receive Kosher-for-Passover meals for three days are insufficient to state claims for violations of his First Amendment and RLUIPA rights."). Therefore, I recommend that the court DISMISS WITHOUT PREJUDICE the claims against Defendants in their official capacities seeking prospective injunctive relief for violations of the First Amendment and RLUIPA, pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## IV. CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below.

## ORDER

At Wilmington this __th day of _____, 2026, IT IS ORDERED that:

1. The Report and Recommendation issued on September __, 2026 is ADOPTED.

2. Plaintiff's First Amendment and RLUIPA claims against Defendants in their official capacities for monetary damages are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), and (iii) and 1915A(b)(1) and (2).

3. Plaintiff's RLUIPA claim against Defendants in their individual capacities is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1).

4. All other claims are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5. Plaintiff will be afforded one opportunity to amend the complaint. Plaintiff is granted leave until on or before ___________, 2026 to file an amended complaint remedying the deficiencies noted in the Report and Recommendation for the claims dismissed without prejudice. The case will be closed should Plaintiff fail to timely file an amended complaint.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: September 18, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE